IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Rex Harvey, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:20-cv-00135-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Andrew Saul, Commissioner of Social Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Rex Harvey ("Plaintiff" or "Harvey") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under the Social Security Act ("SSA" or the "Act"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Commissioner's decision be affirmed. (ECF No. 19). Harvey filed objections to the Report, (ECF No. 20), and the Commissioner replied, (ECF No. 21). Accordingly, this matter is now ripe for review.

I. Background

On February 29, 2016, Harvey filed an application for DIB, alleging he became unable to work on January 11, 2016. (ECF Nos. 13-2 at 17; 13-5 at 2–8). His claim was denied initially on August 8, 2016, and upon reconsideration on December 28, 2016. (ECF No. 13-3 at 2–37). Harvey requested a review by an administrative law judge ("ALJ"), (ECF No. 13-4 at 18–19), and a hearing was held before an ALJ on June 21, 2018, (ECF No. 13-2 at 97–136).

1

On January 29, 2019, the ALJ denied Harvey's claim, finding him not disabled under the SSA. *Id*. at 17–32. The ALJ found that Harvey suffered from residuals of a cerebrovascular accident/transichemic attack ("CVA/TIA"), spine disorder, carpal tunnel syndrome ("CTS"), obesity, and affective disorders, all of which he found to be severe impairments. *Id*. at 19–20. The ALJ determined that Harvey's other alleged impairments, including hypertension, coronary artery disease, obstructive sleep apnea, and anxiety, were not severe. *Id*. at 20–21. Based on these findings, the ALJ concluded that Harvey "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. at 21–23.

The ALJ then assessed Harvey's residual functional capacity ("RFC") and concluded that, as of the date he was insured, Harvey could perform medium work as defined by 20 C.F.R. § 404.1567(c), including lifting or carrying up to fifty pounds occasionally and twenty-five pounds frequently; climbing ramps and stairs occasionally; balancing, stooping, crouching, kneeling, or crawling frequently; occasionally performing left overhead reaching and frequent bilateral handling and fingering; and frequent use of moving machinery or exposure to unprotected heights. *Id*. at 23–24. The ALJ further determined that Harvey could never climb ladders, ropes, or scaffolds and is "limited to work with simple, routine and repetitive tasks, which can be performed for two-hour blocks of time with normal rest breaks during an eight-hour workday." *Id*. at 24. Due to these limitations, the ALJ found that Harvey was unable to perform his past relevant work as a production line assembler, production assembler, industrial truck operator, stock clerk, production line solder, paint line operator, and laborer. *Id*. at 30. Nonetheless, the ALJ concluded that, based on Harvey's age, education, work experience, and RFC, "there were jobs that exist[ed] in significant numbers in the national economy that [Harvey] [could have] perform[ed]," such as

2

handpackager, production helper, and machine packager. *Id*. at 31–32. Thus, the ALJ ruled that Harvey was not disabled within the meaning of the SSA between January 11, 2016, the alleged onset date, and January 29, 2019, the date of the ALJ's decision, and, therefore, denied his claim. *Id*. at 32.

On November 20, 2019, the Appeals Council declined Harvey's request for review, thereby making the ALJ's decision the final decision of the Commissioner. *Id*. at 2–7. Ross filed this action for judicial review on January 13, 2020. (ECF No. 1). On May 18, 2021, the magistrate judge issued the Report recommending the court affirm the Commissioner's decision. (ECF No. 19). In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See id*. Harvey filed objections to the Report, asserting the magistrate judge erred in finding (1) the ALJ's determination that Plaintiff could perform medium work was not based on the ALJ's improper interpretation of raw medical data; (2) the ALJ did not improperly rely on a medical finding that Plaintiff was in "no acute distress" despite conflicting evidence of Plaintiff's chronic pain; (3) the ALJ did not improperly "cherry-pick" evidence by failing to resolve Harvey's claims of unsafe gait and left arm weakness with the contrary medical evidence; (4) the ALJ did not improperly consider Harvey's conservative treatments and failure to pursue additional treatment; and (5) that the ALJ's improper consideration of Harvey's daily activities does not mandate a remand in this case because the ALJ's RFC determination is based on other evidence. *See* (ECF No. 20). In response, the Commissioner argues that Ross's objections merely restate arguments already raised to, considered, and rejected by the magistrate judge. (ECF No. 21). This matter is now ripe for review.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that [the Commissioner's] conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## III. Discussion

The purpose of magistrate review is to conserve judicial resources. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Thus, although the recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter, *see Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)), the court is charged with making a *de novo* determination of only those portions of the Report to which a specific objection is made. *See* 28

U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations." (emphasis added)). On the other hand, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). Thus, "[a] party's objection to a magistrate judge's report must be 'specific and particularized' in order to facilitate review by a district court." *Midgette*, 478 F.3d at 621.

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap*, 288 F. Supp. 3d at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Similarly, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for

Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Dandy v. Berryhill*, 6:17-cv-331-BHH, 2018 WL 4610757 (D.S.C. Sept. 26, 2018); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a de novo review of objections presented in the form of '[complete statements] of arguments already made . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005)). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

In his objections, as pointed out by the Commissioner, Harvey simply rehashes the exact arguments—almost verbatim—that he presented in his prior briefing. *Compare* (ECF Nos. 14; 16), *with* (ECF No. 20). As district courts in the Fourth Circuit have repeatedly stated, "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). A district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No.

2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). Accordingly, the court need only review the Report and the magistrate judge's recommendations for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

The court agrees with the magistrate judge's lengthy and thorough analysis concluding the that substantial evidence in the record supports the ALJ's decision. (ECF No. 19 at 8–19). As the magistrate judge recognized, Harvey's arguments all boil down to the basic assertion "that the ALJ failed to offer adequate support for the RCF determination." *Id*. at 9. In support of that contention, Harvey set forth five arguments, which he reiterates in his objections and each of which the magistrate judge fully addressed in the Report. *See id*. at 9–19.

First, Plaintiff argues the ALJ "made a medical determination that he was not qualified to make" in order to conclude that Plaintiff could perform medium work despite Plaintiff's complaints of lower extremity pain and his limited exertional abilities. *See* (ECF Nos. 14 at 23; 20 at 1–2). Specifically, Plaintiff asserts that the ALJ "relied on Harvey's MRI results to determine that he could perform medium work[,] [even though] [t]here is nothing in the medical impressions of the physicians who reviewed the MRIs that indicated Harvey was capable of medium work." (ECF No. 20 at 1–2). However, as the magistrate judge correctly noted, the portion of the ALJ's decision with which Plaintiff's takes issue came directly from the medical impressions of the physicians who reviewed the MRIs: "Indeed, the ALJ relayed the . . . conclusions almost verbatim from the 'medical impressions' section of the MRIs." (ECF No. 19 at 10). Thus, the magistrate judge concluded that "the ALJ did not interpret raw medical data[,]" but rather "relied on the physician's interpretations of the data, and then used those interpretations in formulating Harvey's RFC—precisely what the regulations contemplate." *Id*. at 10, 11 (citing 20 C.F.R. § 404.1545(a)(1), (a)(3)). In this case, "the record is replete with medical opinion evidence[,]"

7

and the court agrees with the magistrate judge's conclusion that the "ALJ thoroughly discussed and weighed this opinion evidence in the decisions—ultimately relying on it to formulate the RFC." *Id*. at 11–12.

The magistrate judge then turned to Plaintiff's second and third argument that the ALJ improperly dismissed Plaintiff's complaints of chronic pain based on the ALJ's miscomprehension of the phrase "acute distress," and "cherry-picked" evidence to reject Plaintiff's complaints. (ECF No. 19 at 12–15); *see also* (ECF Nos. 14 at 23–25; 20 at 2–4). Plaintiff's assertions arise from the following portion of the ALJ's decision:

> In terms of the claimant's alleged impairments, he is able to do a range of medium work, as set forth by the claimant's residual functional capacity (RFC). This is consistent with the limitations indicated by the other evidence in this case. While the medical evidence of record reveals that the claimant has a history of a CVA/TIA, spine disorders, CTS and obesity, the objective findings support the RFC. Diagnostic tests revealed that the claimant had bilateral CTS with cervical and lumbar radiculopathy; however, a[n] MRI of the lumbar spine revealed no severe central canal or neural foraminal narrowing to account for the lower extremity pain. A[n] MRI of the cervical spine revealed some left sided foraminal narrowing at C3-4 but no evidence of neural impingement or other significant abnormalities. Moreover, physical exams revealed that the claimant had some left sided weakness in his left arm, some decreased sensation in the left fingers, and some tenderness over his low back, but the claimant was in *no acute distress*, he ambulated without assistance, his neck was supple, his heart and lung sounds were normal, his gait and station were normal, he generally had no edema in his extremities, he had full strength in his right arm and lower extremities with adequate fine motor movements, dexterity and ability to grasp objects and he had no muscle atrophy or tenderness of any joint. His cranial nerves were intact, his cerebellar exam was normal, and his reflexes of the lower extremities were symmetric. These objective and diagnostic test findings are not consistent with the alleged incapacitating impairments and indicate the claimant's impairments may not be as severe or debilitating as alleged. Rather, they are consistent with the claimant's ability to perform medium work to account for his left-side weakness, postural limitations to account for his back pain and residual effects of his CVA, limited reaching, handling and fingering as well as

> limited exposure to hazards to account for his residual weakness and CTS.

(ECF No. 13-2 at 26–27 (emphasis added) (internal citations omitted)).

Despite the abundant medical evidence discussed by the ALJ in this portion of his decision, Plaintiff first zeros in on the ALJ's notation in Plaintiff's physical exam records indicating that he presented with no acute distress—one of many findings made by Dr. Catherine Millender during a comprehensive neurological examination of Plaintiff on May 21, 2016. *See* (ECF Nos. 13-7 at 84; 14 at 24–25). Then, incongruously, Plaintiff accuses the ALJ of cherry-picking medical evidence to support the RFC—including findings of "normal gait and station," "full strength in his right arm," and "cranial nerves intact"—while ignoring Plaintiff's complaints of unsafe gait and left-arm weakness. (ECF No. 14 at 25).

Addressing these arguments, the magistrate judge found that "nothing in the ALJ's thorough discussion of the evidence suggests that he misunderstood the meaning of 'acute distress,' nor is there a suggestion that th[e] finding of 'no acute distress' was the foundation upon which the ALJ based his RFC determination." (ECF No. 19 at 12). The magistrate judge also found that "the ALJ did not disregard Harvey's complaints or the positive medical findings[,]" but rather he "properly performed the duty reserved to the ALJ as the finder of fact by weighing the [conflicting and] relevant evidence in reaching his determination." *Id*. at 14; *see also id*. at 12. The magistrate judge concluded, therefore, that "the ALJ did not selectively rely on some evidence to the exclusion of evidence favorable to Harvey, but instead carefully considered the relevant evidence in the context of the entire record." *Id*. at 14–15.

The magistrate judge also found Plaintiff's reliance on *Masters v. Astrue*, No. 3:10-2477-RBH-JRM, 2012 WL 3029627 (D.S.C. Mar. 6, 2012), *report & rec. adopted by* No. 3:10-cv-02477-RBH, 2012 WL 3029634 (D.S.C. July 25, 2012) in support of these arguments to be

9

unavailing. (ECF No. 19 at 13–14). As the magistrate judge correctly noted, in *Masters* the ALJ discounted an opinion of the claimant's treating physician in contravention of the "treating physician rule," while in this case "the ALJ did not discount a treating physician's medical opinion . . . nor is the treating physician's rule even at issue." *Id*. at 13 (citing *Masters*, 2012 WL 3029627 at *6). The magistrate judge properly concluded that "*Masters* does not compel or even suggest remand is warranted in a situation where, as here, an ALJ merely notes that the claimant was in 'no acute distress' as part of a broader discussion in which the ALJ was weighing evidence." *Id*. at 13–14. Plaintiff makes no objection to the magistrate judge's analysis of *Masters*, *see generally* (ECF No. 20), and the court agrees with the magistrate judge's conclusion that *Masters* is inapposite to the facts of this case.

Next, the magistrate turned to Plaintiff's fourth argument that the ALJ improperly considered Plaintiff's conservative treatment and drew an adverse inference from Plaintiff's failure to seek additional treatment. (ECF No. 19 at 15–17); *see also* (ECF Nos. 14 at 25–26; 20 at 4–5). The relevant portion of the ALJ's decision states as follows:

> The claimant has received only conservative treatment for his allegedly incapacitating pain and symptoms. He has not required surgical intervention. Hospital discharge records from his CVA noted that his weakness and slurred speech had resolved. He received physical therapy following his CVA, where it was noted that he reached all of his goals. Pain management records indicated that he was stable on medications. Additionally, treatment records indicate that the claimant was treated with braces for his CTS. The claimant's obesity is necessarily a contraindication regarding his overall well-being and he has been advised to lose weight. Although I acknowledge some evidence suggesting the claimant cannot afford adequate medical care, there is no evidence to demonstrate that he needed additional medical care or that he has sought help through the multitude of channels available for indigent individuals, such as those offered by charities. Such moderate treatment for a condition alleged to be incapacitating does not support the claimant's allegations as to the intensity and persistence of the symptoms limiting the claimant's ability to perform work-related activities.

(ECF No. 13-2 at 27).

Plaintiff's first argument on this point—that the ALJ improperly considered Plaintiff's conservative treatment—fails because, as the magistrate judge pointed out and as Plaintiff concedes in his objections, "the regulations contemplate the scope of treatment as a relevant factor an ALJ should consider in evaluating a claimant's symptoms." (ECF No. 19 at 16 (citing 20 C.F.R. § 404.1529(c)(3)(iv)); *see also* (ECF No. 20 at 4 ("agree[ing] that treatment is a relevant factor that the ALJ can use to evaluate the severity of a claimant's symptoms"))).

As to Plaintiff's second assertion that the ALJ drew an adverse inference based on Plaintiff's failure to pursue additional treatment, the magistrate judge found that "it *would* be error for an ALJ to draw an adverse inference on a claimant's failure to pursue medical treatment *without also considering* reasons that may explain why the claimant failed to seek medical treatment in the first place." (ECF No. 19 at 16 (citing Soc. Sec. Ruling 96-7P, 1996 WL 374186, at *7 (July 2, 1996) [*hereinafter* "SSR 96-7P"]) (emphasis in original)). However, the magistrate judge found that in this case "the ALJ explicitly considered evidence suggesting that Harvey cannot afford medical care, but also noted that there was no evidence to demonstrate that Harvey needed additional medical care or that he had sought help that is available for indigent individuals." *Id*. at 16–17. In his objections, Plaintiff misconstrues the magistrate judge's finding as establishing a "requirement that a claimant prove that he exhausted all charity, etc." and arguing that such a requirement has been rejected by this court. (ECF No. 20 at 4 (citing *Green v. Berryhill*, No. 0:16-cv-3500-DCC, 2018 WL 1531555, at *2 (D.S.C. Mar. 29, 2018)). The court first notes that the magistrate judge's Report imposes no such requirement that Plaintiff prove he exhausted all charity to prevent an adverse inference from his failure to seek treatment. Moreover, in *Green*, "the ALJ disregarded evidence that Plaintiff could not afford [additional prescribed] physical therapy for

11

her shoulder pain despite evidence that she had been compliant with earlier recommendations for physical therapy for other conditions." *Green*, 2018 WL 1531555, at *2. In this case, on the other hand, as the magistrate judge noted, "there was *no evidence* to demonstrate that Harvey *needed* additional medical care[.]" (ECF No. 19 at 16–17). In other words, any adverse inference the ALJ may have drawn appears to have been based not on Plaintiff's failure to seek additional care prescribed for him, but on the fact that no such additional care was prescribed at all. Therefore, the court agrees with the magistrate judge that the ALJ properly considered the evidence pursuant to SSR 96-7P, *id*. at 17, and that it is not for the court "to reweigh conflicting evidence . . . or substitute [its] judgment for that of the [ALJ]," *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).

Finally, the magistrate judge considered Plaintiff's fifth argument that the ALJ improperly relied on Plaintiff's daily activities in determining Plaintiff's RFC of medium work. (ECF No. 19 at 17–19); *see also* (ECF Nos. 14 at 26–28; 20 at 5–6). While the magistrate judge agreed with Plaintiff that the ALJ "omitted certain qualifying language when listing Harvey's daily activities[,]" (ECF No. 19 at 18 (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)), the magistrate judge correctly concluded that "the ALJ's mere omission of qualifying language does not automatically necessitate remand." *Id*. Rather "[t]he relevant inquiry is whether the ALJ's decision is ultimately supported by substantial evidence[,]" and "[t]hus, it comes down to whether the ALJ's reliance on other evidence besides Harvey's daily activities justified the credibility determination and, ultimately, the RFC." *Id*. Based on the record and the ALJ's decision, the magistrate judge found:

> Here . . . the ALJ also relied on medical records (such as (1) unremarkable physical and mental examination findings, (2) unremarkable objective test results, and (3) Harvey's conservative treatment) that contradicted Harvey's allegations. Additionally,

> here . . . several medical opinions in the record contradict Harvey's subjective allegations of disabling limitations, including the opinions of Doctors Millender, Cannon, Callins, and Petzelt.

*Id*. at 18 (internal citations omitted). Therefore, the magistrate judge concluded that "[a]lthough . . . the ALJ's characterization of Harvey's daily activities could be viewed as deceiving, substantial evidence ultimately supports the ALJ's decision." *Id*. at 19. The court finds no clear error within the magistrate judge's analysis or conclusions on this issue.

Accordingly, the court agrees with the Commissioner that Harvey has not established any error with respect to the magistrate judge's or the ALJ's analysis and, therefore, overrules his objections (ECF No. 20).

### IV. Conclusion

Thus, after a careful and thorough review of the Report, the record, and the parties' filings, the court concurs with both the reasoning and the result reached by the magistrate judge in her Report and finds the ALJ applied the proper legal standards and his determination is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 19) in its entirety, incorporates the Report herein by reference, and **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 16, 2021